1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRODERICK WARFIELD,                    Case No. 2:24-cv-2886-DJC-CSK (PS)

12              Plaintiff,

13        v.                                 ORDER ON PLAINTIFF'S MOTIONS

14    CALIFORNIA HIGHWAY PATROL              (ECF Nos. 2-9, 11)
      GOLDEN GATE DIVISION, ET AL.,
15
                Defendants.
16

17
            Plaintiff Broderick Warfield, who is proceeding pro se, has filed eight
18
      miscellaneous motions.[1] (ECF No. 10). Pursuant to Eastern District of California Local
19
      Rules 230(g) and 231(c), the motions are submitted upon the record and the briefs.[2]
20
            For the reasons that follow, the Court DENIES Plaintiff's motions.
21
      I.    BACKGROUND
22
            Plaintiff filed his Complaint and application to proceed in forma pauperis ("IFP")
23
      without prepaying fees or costs on October 18, 2024. Compl.; Pl. IFP App. (ECF No. 2).
24
      The Complaint names as defendants California Highway Patrol Golden Gate Division
25

26    _____
      [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
27    Civ. P. 72, and Local Rule 302(c).
      [2]  The district court's Local Rules are accessible on the district court's website:
28    https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

                                              1

1   (Kevin Hagler, Angelie Baker, and Dawn McGuckin), City of Fairfield Police Department

2   (Walt Tibbet, "Aagaard," Gene Carter, and "Oviatt"), City of Vallejo Police Department

3   (Mat Mustard), Solano County Sheriff's Office of Emergency 911 Services (Executive

4   Director), Solano County District Attorneys (Bryan Kim, Karen Jensen, Paul Sequeira,

5   Eric Cowdery, and Dana Vaugen), and Solano County Superior Court Judges D.

6   Stashyn William Pendergast III, Bradley Nelson, and Peter Foor. Compl. at 2-3 (ECF No.

7   1). There is no indication that any defendant has been served. *See* Docket.

8        Plaintiff alleges violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth

9   Amendments pursuant to 42 U.S.C. § 1983 based on "Law enforcement concealment

10  suppression of federal rule evidence 702 by failing to apply Daubert Trilogy Theory upon

11  Emergency Alert Plan Protocols with Solano County Sheriff's Emergency

12  communications 911 OES." Compl. at 4, 6. The events giving rise to Plaintiff's claims are

13  "Mishandled Credible threat 911 calls"; 11/05/2011 Willful neglect and disregard resulting

14  dereliction of duty 11/17/2011"; and "on duty police officer loss of life." Compl. at 6. The

15  Complaint alleges damages in excess of $75,000, and seeks temporary and permanent

16  injunctive relief against Defendants "California Highway Patrol Golden Gate Division,

17  City of Fairfield Police Department, Solano County Sheriff's Emergency Communications

18  911 Services, and the City of Vallejo Police Department." Compl. at 5-6, 7-8

19        In the six weeks since filing his Complaint, Plaintiff filed eight (8) miscellaneous

20  motions. On November 18, 2024, Plaintiff also filed an ex parte motion for a Temporary

21  Restraining Order ("TRO"). *See* Pl. TRO (ECF No. 10); Pl. TRO Checklist (ECF No. 10-

22  1). The Court addresses Plaintiff's ex parte TRO motion through separate findings and

23  recommendations.

24  **II.   DISCUSSION**

25       **A.   IFP Application**

26       Plaintiff has filed an application to proceed IFP. (ECF No. 2.) Plaintiff has not,

27  however, provided sufficient information for the Court to determine whether to grant the

28  request. *See* Pl. IFP App.; *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)

2

1   (a plaintiff must allege poverty with "particularity, definiteness and certainty") (citation

2   omitted). For example, Plaintiff left Question 2 regarding employment and Question 7

3   regarding dependents blank, and did not complete Question 3 regarding other income

4   (not selecting "Yes" or "No" boxes for 3(a)-3(f)). Plaintiff's IFP application is therefore

5   denied without prejudice. Within thirty (30) days of the date of this order, Plaintiff shall

6   either file a complete application to proceed without prepaying fees or costs responding

7   to all questions, or pay the required filing fee. If Plaintiff submits a complete IFP

8   application and IFP status is granted, the Complaint will be screened as required by

9   28 U.S.C. § 1915(e).

10          **B.      Plaintiff's Eight Other Miscellaneous Motions (ECF Nos. 3-9, 11)**

11          Plaintiff has filed eight miscellaneous motions in the six weeks since initiating this

12   lawsuit. The Court rules on the motions as follows:

13          (1)     On October 29, 2024, Plaintiff filed a "motion for joinder" of "all

14          named defendants." (ECF No. 3.) This motion is denied because it is unclear what

15          this motion is seeking as all defendants identified in the document are defendants

16          already named in the Complaint. *Compare id.*, *with* Compl. In addition, this motion

17          is also not signed by Plaintiff personally. *See* Pl. Mot. Joinder. If a party is

18          unrepresented by an attorney, Federal Rule of Civil Procedure 11(a) requires that

19          "[e]very pleading, written motion, and other paper must be signed" by a party

20          personally. In addition, the "paper must state the signer's address, e-mail

21          address, and telephone number." Fed. R. Civ. P. 11(a). Plaintiff is instructed that

22          while he remains unrepresented, he must personally sign every pleading, motion,

23          and other paper submitted to the Court. *See id.*

24          (2)     On October 29, 2024, Plaintiff filed a motion for leave to file

25          documents electronically in this action. (ECF No. 4.) The Court declines to grant

26          this request. *See* E.D. Cal. Local Rule 133(a), 133(b)(2). This motion is also not

27          signed by Plaintiff personally.

28   / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(3)     On October 29, 2024, Plaintiff filed a "motion to redact confidential personal information Amended Dec. 1, 2023 Federal Rule of Evidence 702," redacting date of birth, Social Security numbers, and financial account numbers. (ECF No. 5 at 2.) The motion attaches various redacted Fairfield Police Department records. The Court interprets this filing as a motion to seal, and denies it. While the information Plaintiff seeks to redact are proper subjects for redaction, this motion is denied because Plaintiff failed to follow Local Rule 141 regarding requests to seal. This motion is also not signed by Plaintiff personally. In addition, there is no motion pending before the Court that requires the Court to review the submitted Fairfield Police Department records. Finally, this document appears to be a discovery-related document. Discovery is served between the parties, and should not be filed with the Court. Plaintiff filed his Complaint on October 18, 2024, and his Complaint has not yet been screened due to incomplete information. Even if Plaintiff declines to request proceeding IFP, there is no indication that any defendant has been served or has any notice of this lawsuit. The discovery stage, including the Rule 26(f) conference, initial disclosures, and any discovery requests, has not yet begun. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). For future reference, Plaintiff is also directed to follow Local Rules 140 and 141 regarding redactions and sealing of documents.

(4)     On November 4, 2024, Plaintiff filed a motion for in camera review of Plaintiff's exhibits. (ECF No. 6.) This motion is denied because there is no motion pending before the Court that requires the Court to review Plaintiff's exhibits. As described above, the Complaint has not been screened and the discovery stage has not commenced. If this lawsuit continues to trial, the Court will set deadlines for the parties to submit exhibit lists to the Court. This motion is also not signed by

4

Plaintiff personally.

(5)     On November 4, 2024, Plaintiff filed a motion for an extension of time. (ECF No. 7.) Plaintiff states that he seeks an extension through November 30, 2024 to "introduce additional co-defendants through extrinsic evidence." *Id*. at 2. It is unclear what this means. Regardless, this motion is denied because there are no pending court deadlines and therefore no deadlines to extend. This motion is also not signed by Plaintiff personally.

(6)     On November 12, 2024, Plaintiff filed a "motion for compulsory joinder." (ECF No. 9.) Unlike Plaintiff's first motion for joinder (ECF No. 3), this motion seeks to join defendants not currently named in the Complaint. *See id*. at 2 (identifying new defendants Solano County Public Defender's Office, Department of State Hospitals, Daily Republic News Reporter Jess Sullivan, and Melvin Hale). This motion is also not signed by Plaintiff personally. This motion is denied as unnecessary. Based on the current posture of this lawsuit, the proper procedure for Plaintiff to add new defendants is to file an amended complaint. Under Federal Rule of Civil Procedure 15(a), Plaintiff may amend his Complaint "once as a matter of course" either 21 days after serving the Complaint on Defendants or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." This means that Plaintiff may file an amended complaint at this time without seeking and receiving permission from the Court or with the opposing parties' written consent. *See* Fed. R. Civ. P. 15(b).

If Plaintiff elects to file an amended complaint, Plaintiff must do so within thirty (30) days of the date of this order. It should be titled "First Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. Plaintiff is warned that a formulaic recitation of the elements of a cause of action does not

suffice to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); Fed. R. Civ. P. 8. To state a claim on which relief may be granted, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Any First Amended Complaint should clearly identify all parties, the claims being brought, and against which defendants each claim is being brought. As already instructed above, Plaintiff must personally sign every pleading. *See* Fed. R. Civ. P. 11(a).

(7)     On November 13, 2024, Plaintiff filed a "motion to introduce witness and evidence." (ECF No. 8.) This motion is denied as premature. As described above, the Complaint has not been screened and the discovery stage has not commenced. If this lawsuit continues to trial, the Court will set deadlines for the parties to submit witness and exhibit lists to the Court. This motion is also not signed by Plaintiff personally.

(8)     On November 25, 2024, Plaintiff filed a second request to seal documents. (ECF No. 11.) This request is denied because there is no motion pending before the Court that requires the Court to review these documents. In addition, as described above, the Complaint has not been screened, the discovery stage has not commenced, and the parties should not file discovery with the Court.

**C.     Additional Instructions for Plaintiff**

Plaintiff is further instructed as follows:

**(1)     When filing a motion with the Court, clearly state what relief you are requesting from the Court and against which party.**

**(2)     Do not file discovery or evidence with the Court unless ordered to do so by the Court or unless there is a motion pending that requires the**

**Court to review the discovery or evidence in order to resolve the pending motion.**

   **(3)    Do not file duplicative, frivolous, or serial motions.** The Court notes that apart from his ex parte TRO motion, Plaintiff filed eight different motions, including two motions to seal and two motions for "joinder," in the six weeks after filing his Complaint. *See* Docket. Filing duplicative, frivolous, or serial motions interferes with the Court's ability to efficiently manage its heavy caseload and creates unnecessary delay in the resolution of cases. Plaintiff must also wait for the Court to review and issue a decision on each motion before filing a similar or duplicative motion. In addition, once the Complaint is served and defendants have appeared in the action, Plaintiff must also wait for the other side (i.e., the defendants) to respond to Plaintiff's motion. *See* E.D. Cal. Local Rule 230.

   **(4)    Plaintiff is cautioned that the failure to follow the Federal Rules of Civil Procedure, the district court's Local Rules, or the Court's orders may result in the imposition of sanctions.**

III.    **CONCLUSION**

   It is HEREBY ORDERED that:

   1.    Plaintiff's IFP application (ECF No. 2) is DENIED without prejudice. Within thirty (30) days of the date of this order, Plaintiff shall either file a complete application to proceed without prepaying fees or costs responding to all questions, or pay the required filing fee.

   2.    The Clerk of the Court is directed to provide Plaintiff with a blank copy of the Application to Proceed in District Court Without Prepaying Fees or Costs.

   3.    Plaintiff's "motion for joinder" (ECF No. 3) is DENIED.

   4.    Plaintiff's motion for leave to file documents electronically in this action (ECF No. 4) is DENIED.

   5.    Plaintiff's "motion to redact confidential personal information Amended Dec. 1, 2023 Federal Rule of Evidence 702" (ECF No. 5) is DENIED.

6.        Plaintiff's motion for in camera review of Plaintiff's exhibits (ECF No. 6) is DENIED.

7.        Plaintiff's motion for an extension of time (ECF No. 7) is DENIED.

8.        Plaintiff's "motion to introduce witness and evidence" (ECF No. 8) is DENIED.

9.        Plaintiff's "motion for compulsory joinder" (ECF No. 9)  is DENIED. If Plaintiff elects to file an amended complaint, Plaintiff must do so within thirty (30) days of the date of this order. It should be titled "First Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux*, 375 F.2d at 57; E.D. Cal. Local Rule 220.

10.       Plaintiff's second request to seal documents (ECF No. 11) is DENIED.

Dated:  December 2, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE