UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK WARFIELD,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL GOLDEN GATE DIVISION, ET AL.,<br><br>Defendants. | Case No. 2:24-cv-2886-DJC-CSK (PS)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 10) |

Plaintiff Broderick Warfield, who is proceeding pro se, has filed an ex parte motion for a Temporary Restraining Order ("TRO").[1] Pl. TRO Mot. (ECF No. 10). The Complaint names as defendants California Highway Patrol Golden Gate Division (Kevin Hagler, Angelie Baker, and Dawn McGuckin), City of Fairfield Police Department (Walt Tibbet, "Aagaard," Gene Carter, and "Oviatt"), City of Vallejo Police Department (Mat Mustard), Solano County Sheriff's Office of Emergency 911 Services (Executive Director), Solano County District Attorneys (Bryan Kim, Karen Jensen, Paul Sequeira, Eric Cowdery, and Dana Vaugen), and Solano County Superior Court Judges D. Stashyn William Pendergast III, Bradley Nelson, and Peter Foor. Compl. at 2-3 (ECF No. 1). There is no

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

indication that any defendant has received notice of Plaintiff's TRO motion. *See* Docket. Pursuant to Eastern District of California Local Rules 230(g) and 231(c), the motion is submitted upon the record and the briefs.[2]

For the reasons that follow, the Court recommends DENYING Plaintiff's ex parte TRO motion.

I.  BACKGROUND

Plaintiff filed his Complaint and application to proceed in forma pauperis ("IFP") without prepaying fees or costs on October 18, 2024. Compl.; Pl. IFP App. (ECF No. 2).[3] Plaintiff alleges violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 based on "Law enforcement concealment suppression of federal rule evidence 702 by failing to apply Daubert Trilogy Theory upon Emergency Alert Plan Protocols with Solano County Sheriff's Emergency communications 911 OES." Compl. at 4, 6. The events giving rise to Plaintiff's claims are "Mishandled Credible threat 911 calls"; 11/05/2011 Willful neglect and disregard resulting dereliction of duty 11/17/2011"; and "on duty police officer loss of life." Compl. at 6. The Complaint alleges damages in excess of $75,000, and seeks temporary and permanent injunctive relief against Defendants "California Highway Patrol Golden Gate Division, City of Fairfield Police Department, Solano County Sheriff's Emergency Communications 911 Services, and the City of Vallejo Police Department." Compl. at 5-6, 7-8

On November 18, 2024, Plaintiff filed an ex parte motion for a TRO. *See* Pl. TRO Mot.; Pl. TRO Checklist (ECF No. 10-1). In the six weeks since filing his Complaint, Plaintiff also filed eight miscellaneous motions that are addressed by separate order. (ECF No. 12.)

II.  LEGAL STANDARDS

The standard for issuing a TRO is the same as the standard for issuing a

---

[2] The district court's Local Rules are accessible on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

[3] The IFP application is addressed by separate order. (ECF No. 12.)

preliminary injunction, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

**III.  DISCUSSION**

The Court recommends denial of Plaintiff's TRO motion because it is unclear what relief Plaintiff seeks; it is procedurally deficient; and the Court lacks authority to issue an order for individuals and entities who are not parties to a suit pending before it.[4]

**A.  RELIEF SOUGHT IN TRO**

In his TRO motion, it is unclear what relief Plaintiff seeks. Plaintiff states that a TRO is needed "to address urgent matters related to systematically suppressed federal rule of evidence 702. The temporary restraining order concerns the plaintiffs both mishandled 911 credible threats reported and documented within Exhibit A-1 page 3 paragraphs 1, and 3." Pl. TRO Mot. at 2. Plaintiff refers to two "911 credible threats" made prior to or on November 17, 2011, which resulted in the loss of an officer's life. *Id*.

---

[4]  To the extent Plaintiff intended his October 29, 2024 motion to seal (ECF No. 5) and November 4, 2024 motion for in camera review of Plaintiff's exhibits (ECF No. 6) to be considered in support of his ex parte TRO motion filed weeks later, consideration of these documents do not change the Court's recommendation that the TRO motion be denied on the grounds described herein. The October 29 and November 4, 2024 motions are addressed by separate order. (ECF No. 12.)

at 2; Pl. TRO Checklist at 2. It appears that Plaintiff may be challenging the suppression of evidence in unknown and separate court proceedings, which is the not proper subject of a TRO in this action. *See* Pl. TRO Mot. & Pl. TRO Checklist. Plaintiff also makes conclusory statements such as, he "seeks relief under [Federal Rule of Civil Procedure 65] due to ongoing violations that pose an immediate threat of irreparable harm." Pl. TRO Mot. at 2. The Court recommends denying the TRO motion because it is unclear what relief is actually sought, and an order cannot issue granting unknown relief.

### B. Plaintiff's TRO Motion is Procedurally Deficient

Plaintiff moves ex parte for a temporary restraining order pursuant to Federal Rules of Civil Procedure 65. Rule 65(b)(1) permits the court to issue a TRO without notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also set forth certain procedural mandates for a temporary restraining order to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed temporary restraining order and provision for bond; (7) a proposed order with blank for fixing time and date for a hearing; and (8) where a temporary restraining order is requested ex parte, the proposed order should also notify the affected parties of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule 231(c).

Plaintiff's TRO motion is procedurally deficient on three grounds. First, Plaintiff has not complied with the requirement to provide notice to all affected parties, which he concedes. *See* Pl. TRO Checklist at 1 (Plaintiff responded "None" to TRO Checklist Item

4

B, "Has there been actual notice, or a sufficient showing of efforts to provide notice to the affected party?"); Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(a) & 231(c)(5). In addition, Plaintiff has not provided any showing of his reasonable efforts to notify Defendants, or reasons why notice on Defendants should not be required. *See* Pl. TRO Mot.. There is no reference in Plaintiff's motion and accompanying documents, or the docket regarding any such reasonable efforts. *See* Pl. TRO Mot.; Docket. Courts regularly deny TROs for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte TRO"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same).

Second, to issue a TRO without notice to Defendants as the adverse parties, Rule 65(b)(1) also requires that specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard. Plaintiff's TRO documents does not make this required showing. *See* Pl. TRO Mot.; Pl. TRO Checklist.

Third, Plaintiff's failure to comply with the Local Rules' requirements for TROs is sufficient justification to deny the motion. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Plaintiff has not complied with the requirements of Local Rule 231(c)(4)-(8).

The Court therefore recommends denial of the TRO motion based on these procedural deficiencies.

### C. The Court Lacks Authority to Grant a TRO

The Court is unable to issue an order for or against individuals and entities who

5

are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *see also Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) (explaining that the scope of an injunction is limited to the parties in the action). Plaintiff's TRO identifies new defendants who are not named in the original Complaint. *Compare* Compl., *with* Pl. TRO Mot. at 1 (caption listing new defendants). Plaintiff has improperly attempted to name the Solano County Public Defender's Office, "DSH, Hospitals," Daily Republic Newspaper, MHM Services of California, Inc., "Vacaville City Hall Mayorship," and Melvin Hale "aka Mr. Hell" as new defendants in his TRO motion. *See* Pl. TRO Mot. at 1.

Therefore, the Court also recommends denial of Plaintiff's TRO motion because the Court lacks authority to issue an order for individuals and entities who are not parties to a suit pending before it. *See Zenith Radio Corp.*, 395 U.S. at 112; *Zepeda*, 753 F.2d at 727; *Pac. Radiation Oncology*, 810 F.3d at 633, 636.

**IV.    CONCLUSION**

In conclusion, the Court RECOMMENDS that Plaintiff's ex parte TRO motion (ECF No. 10) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 2, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6