UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK WARFIELD,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL GOLDEN GATE DIVISION, et al.,<br><br>Defendants. | Case No. 2:24-cv-02886-DJC-CSK<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 17, 32) |

Plaintiff Broderick Warfield is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 17.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the First Amended Complaint be dismissed without leave to amend.

I.     **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

      Here, Plaintiff's IFP application does make the financial showing required by 28 U.S.C. § 1915(a). *See* ECF No. 17. However, Plaintiff's IFP application is not signed personally by Plaintiff as required. *See* Fed. R. Civ. P. 11(a); E.D. Cal. L. R. 131(b). The Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it is duplicative of an earlier pending action in this district. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's First Amended Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

## II. SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's First Amended Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim upon which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*,

80 F.3d 336, 339 (9th Cir. 1996).

## III. THE FIRST AMENDED COMPLAINT[2]

Plaintiff's First Amended Complaint ("FAC") names the following fourteen (14) Defendants: (1) California Highway Patrol Golden Gate Division; (2) City of Fairfield Police Department; (3) City of Vallejo Police Department; (4) Gary R. Stanton, Executive Director; (5) Solano County District Attorneys; (6) Solano County Superior Court Judge D. Stashyn; (7) Solano County Superior Court Judge William Pendergast III; (8) Solano County Superior Court Judge Bradley Nelson; (9) Karen Phillips, psychologist; (10) Daily Republic Newspaper; (11) MHM Services of California; (12) City of Vacaville Police Department; (13) Mr. Hale; and (14) Solano County Public Defenders and Alternate Defense. FAC at 2-4 (ECF No. 32). Plaintiff alleges on November 5, 2011, Defendants "mishandled a credible threat 911 calls" that resulted in "[w]illful neflect," "dereliction of duty," and "the loss of life of an on duty executive officer in the performance of their duties." FAC at 7, 9. Plaintiff raises six (6) causes of action: (1) "Violation of Federal Procedural Standards (FRCP 65);" (2) Irreparable Harm (FRCP 65);" (3) "Supremacy Clause Violation (Article VI, Clause 2);" (4) "False Claims Regarding Compliance with Federal Standards (31 U.S.C. § 3729);" (5) "Constitutional Civil rights Violations (First, Fourth, Fifth, Sixth, Eighth, Fourteenth Amendments);" and (6) "National Security Failures under NSEP Frameworks." FAC at 11. For relief, Plaintiff is seeking "damages totaling $[over $75,000]" and declaratory relief. *Id*. at 6, 12.

## IV. DISCUSSION

### A. Res Judicata

The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir.

---

[2] Plaintiff's First Amended Complaint is not signed personally by Plaintiff as required. *See* Fed. R. Civ. P. 11(a); E.D. Cal. L. R. 131(b). Because it appears from the face of Plaintiff's First Amended Complaint that this action is frivolous, the Court will proceed to address the deficiencies in Plaintiff's First Amended Complaint warranting dismissal.

2003) (internal quotation marks and citation omitted). The doctrine of res judicata, also known as claim preclusion, is applicable when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). When the doctrine applies, it "'bar(s) all grounds for recovery which could have been asserted, whether they were or not…" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (*quoting Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)). Thus, all potential claims that could "'arise out of the same transactional nucleus of facts'" are barred from going forward. *See id.* at 1202 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). A court may sua sponte dismiss an action based on the doctrine of res judicata, even though the doctrine is normally raised as an affirmative defense. *Arizona v. California*, 530 U.S. 392, 412 (2000).

On May 10, 2022, Plaintiff initiated an action in this district court alleging various claims in his Seventeenth Amended Complaint. *See Warfield v. Solano County Public Defenders Offices, et al.*, 2:22-cv-00782-TLN-JDP (E.D. Cal. Jan. 25, 2023) ("*Warfield I*"), 17th Am. Compl. (ECF No. 30). In *Warfield I*, Plaintiff alleged that on November 5, 2011, he made a 911 call to the Fairfield Police Department that was mishandled and resulted in the shooting and killing of a Vallejo police officer. *Warfield I,* 17th Am. Compl. at 8-9, 11. In *Warfield I*, Plaintiff names six of the fourteen Defendants in this action: Solano County Public Defenders; Karen Phillips, Psychologist; Solano County District Attorneys; Solano County Superior Court Judge Bradley Nelson; Solano County Superior Court Judge William Pendergast III; and Daily Republic Newspaper. *Compare* FAC at 2-4, *with Warfield I*, 17th Am. Compl. at 1, 5-6. The instant case and *Warfield I* plead similar factual allegations relating to a 911 call Plaintiff made on November 5, 2011 concerning the shooting and killing of a police officer. *Compare* FAC at 7, 9, *with Warfield I*, 17th Am. Compl. at 8-9, 11.

Here, in both actions, many of the parties named are identical. *Compare* FAC, *with Warfield I,* 17th Am. Compl. Although there is a difference in some of the claims

alleged in the two actions, the two actions arise out of the same "transactional nucleus of facts" and make almost identical factual allegations relating to the crux of the issue—the 911 call Plaintiff made on November 5, 2011. *See Constantini*, 681 F.2d at 1201-02. Moreover, the judgment entered in *Warfield I* clearly constitutes a final judgment on the merits. In *Warfield I*, on January 26, 2023, United States Magistrate Judge Jeremy D. Peterson issued Findings and Recommendations recommending the action be dismissed without leave to amend for failure to state a claim pursuant to Federal Rules of Civil Procedure 8(a). *See Warfield I*, 2:22-cv-00782-TLN-JDP, ECF No. 31. On February 16, 2023, District Judge Troy L. Nunley adopted the January 26, 2023 Findings and Recommendations in full and dismissed the action without leave to amend. *See Warfield I*, 2:22-cv-00782-TLN-JDP, ECF No. 37. Judgment was entered on February 16, 2023. *See Warfield I*, 2:22-cv-00782-TLN-JDP, ECF No. 38. Because *Warfield I* was dismissed with prejudice, the dismissal was an adjudication on the merits for purposes of res judicata. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)"); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 —operates as an adjudication on the merits"). Accordingly, the Court recommends this action also be dismissed without leave to amend based on the doctrine of res judicata.

### B. Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the doctrine of res judicata bars this action from going forward. *See Costantini*, 681 F.2d at 1202. The First Amended Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V. CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 17) be DENIED;
2. Plaintiff's First Amended Complaint (ECF No. 32) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 28, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, warf2886.24